FERRAND, Executor, *v.* WALKER and Others.

A plea that is bad in part is bad for the whole.

The plea of *non est factum* must be sworn to.

A plea in bar by an executor, that he was not appointed executor one year before the commencement of the suit, is good.

An objection to a special traverse, that the inducement does not substantially deny the pleading it was intended to answer, can only be reached by special demurrer.

ERROR to the *Allen* Circuit Court.

DEWEY, J.—Debt against an executor on the undertakings of his testatrix. The declaration contains three counts; the first is on a writing obligatory; the second for goods, &c. sold and delivered; and the third, on an *insimul computasset.* The defendant pleaded, 1st, *Non est factum* to the first count, and *nil debet* to the second and third counts; 2ndly, That the defendant was not appointed executor one year before the commencement of the action; 3rdly, The same in substance as the second plea. The plaintiffs demurred to the first and third pleas; and they replied to the second, that the testatrix made her last will and testament, and thereby appointed the defendant executor of the same " much more" than one year before the institution of the action, and that the defendant, afterwards, duly proved the will, " *without this,* that the said defendant was not officially appointed executor one year before the commencement of the suit;" conclusion to the country. The defendant demurred generally to the replication. The Court sustained the demurrers

to the first and third pleas, and, under the demurrer to the replication to the second plea, held that plea also to be bad. Damages assessed by the Court by consent of parties; and final judgment for the plaintiffs.

The demurrer to the first plea was correctly sustained. A plea bad in part is bad in the whole (1). The *non est factum* branch of this plea, which refers to the first count of the declaration, is defective in not being verified by oath as the statute requires.

The Circuit Court erred in overruling the second and third pleas. These pleas are founded on the statute, which provides that no action shall be brought against any executor or administrator, as such, until the lapse of one year from the date of his appointment. R. C. 1831, p. 160.—R. S. 1838, p. 182. The objection urged against the pleas is, that they should have been pleaded in abatement and not in bar. Without deciding that they would not have been valid in the former character, we conceive they are good in the latter. They are somewhat analogous to the plea of *ne unques executor*, which is a good bar. They bear a closer resemblance to a plea, that the day of payment of the debt for which the action is brought has not yet arrived; and such a plea has been held to be good in bar. *Owen* v. *Butler*, 1 Ld. Raym. 345.—Bac. Abr. tit. Abatement, N. It is a general rule of law, that a plea in abatement should give the plaintiff a better writ; but a plea that the debt is not yet due, shows that he is not entitled to any action at all. This was the ground of decision in the case of *Owen* v. *Butler* above quoted; and the principle is equally applicable to the pleas under consideration; they show that no action whatever could be sustained against the executor at the time of the commencement of this suit.

But though we consider the second plea valid, we also view the replication to it to be sufficient under a general demurrer. The replication was designed for a special traverse induced by new matter. The rule of law governing this kind of traverse is, that the new matter, or inducement, must of itself substantially contradict the pleading which it is intended to answer. 1 Chitt. Pl. 596.—Steph. Pl. 183.—3 Salk. 353.—*Dike* v. *Ricks*, Cro. Car. 335. The plea in this

case is, that a year had not elapsed after the appointment of the defendant as executor and before the commencement of the suit. The appointment here mentioned means the appointment by the Court of probate. The inducement to the traverse is, that the defendant was nominated executor, by the will of the testatrix, more than a year before the action was instituted, and that he afterwards (the time when not stated) proved the will. All this is perfectly compatible with the allegation of the plea. The inducement is therefore defective; but as the traverse, independently of the inducement, is a substantial denial of the plea, the defect of the replication could be reached only by a special demurrer. Com. Dig. Pleader, G. 22.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. H. Colerick* and *W. H. Coombs*, for the plaintiff.

*H. Cooper*, for the defendants.

(1) Thus, if in a declaration in assumpsit, two different promises be alleged in two different counts, and the defendant plead in bar to both counts conjointly, the statute of limitations, and the plea be an insufficient answer as to one of the counts, but a good bar as to the other,—the whole plea is bad. Steph. Pl. 407. So, if two or more join in a defence in trespass, which is a sufficient justification for one, but no justification for the others, the plea is bad as to all. 1 Saund. 27, note (2). So, an entire replication, which is bad in part, is bad for the whole. Ib. But a declaration is not within this rule. If a declaration be good in part, though bad as to another part, relating to a distinct demand divisible from the rest, a demurrer to the whole cannot be sustained. Steph. Pl. 409.—*M'Carty* v. *Rhea*, Vol. 1 of these Rep. 55, and note (2). Neither is a plea of set-off within the rule; the different parts of such plea being considered as different counts in the same declaration. *Dowsland* v. *Thompson*, 2 W. Bl. R. 910.—*Shearman* v. *Fellows*, decided at this term, *post*.